```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


WILLIAM R. WEST,              :    CIVIL NO.  1:06-CV-0748
                              :
          Plaintiff           :    (Judge Caldwell)
                              :
     v.                       :    (Magistrate Judge Smyser)
                              :
JO ANNE B. BARNHART,          :
Commissioner of               :
Social Security,              :
                              :
          Defendant           :
```

**REPORT AND RECOMMENDATION**


　　　The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security disability insurance benefits.


　　　On September 15, 2003, the plaintiff, William R. West, applied for disability insurance benefits. He claimed that he became disabled on October 17, 2003, as the result of lower back pain. The claim was denied initially and on

reconsideration.  The plaintiff filed a request for a hearing, and a hearing was held before an administrative law judge (ALJ) on October 13, 2005.

At this hearing (Tr. 357-374), the plaintiff and a vocational expert testified.  The plaintiff stated in his testimony that he was 59 years old, lives alone, is a high school graduate, and last worked on October 17, 2003 as an assembler and tester of airplane motors for small aircraft, a job that he had since 1977.  The work was performed from a standing position and involved lifting of 20 to 30 pounds.  He considers himself disabled because he has bad spasms in his lower back as the result of a lower back injury.  He returned to work after that 2002 injury and worked until October of 2003.  He experiences constant back and leg pain.  He takes medications for his pain.  He is under the care of two physicians.  He underwent a course of physical therapy.  He has had injections in his back, but they have not helped.

He walks for five or six minutes a day and he stands for about that long a day.  He experiences spasms upon sitting

2

and limits sitting to about 20 minutes.  He does not cook, clean, do laundry, shop for groceries or do yard work.  His medications have a negative effect upon his memory.

The vocational expert, Marianne Starosta stated that in light of the plaintiff's age, education, work record, work experiences, and lack of transferable skills, if he were able to occasionally lift 20 pounds, lift 10 pounds frequently, stand or walk for six hours in an eight-hour work day, he would be able to perform a number of identifiable light jobs.  If he were able to lift or carry 30 pounds, unable to walk or stand more than 30 minutes, unable to sit more than 15 minutes without changing position, were limited in lower extremity pushing and pulling and had other limitations (Tr. 372-373), he would be unable to perform substantial gainful activity.

On November 1, 2005, the ALJ issued his decision denying the plaintiff benefits.  (Tr. 13-18).  The Appeals Council denied the plaintiff's request for review (Tr. 5-8), making the ALJ's decision the final decision of the Commissioner.

3

The plaintiff filed his complaint with this court on April 10, 2006. The defendant filed an answer to the complaint and a copy of the administrative record on June 13, 2006. Pursuant to Local Rules 83.40.4 and 83.40.5, the plaintiff filed his brief on July 31, 2006 and the defendant filed her brief on October 4, 2006. A reply brief was filed on October 16, 2006.

If the Commissioner's decision is supported by substantial evidence it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*,

4

994 F.2d 1058, 1064 (3d Cir. 1993).  However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence."  *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence.  *Id*. at 706-707.  In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole.  *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled. The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and, (5) whether the claimant's impairment prevents the claimant from doing any other work. *See* 20 C.F.R. §404.1520 and 20 C.F.R. §416.920.

The disability determination involves shifting burdens of proof. The initial burden rests with the claimant to demonstrate that he is unable to engage in his past relevant work. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case the ALJ determined that the plaintiff has not engaged in substantial gainful activity since the alleged onset date, that he has an impairment that is severe, that his impairments do not meet or equal any listed impairments, and that he is able to perform his past relevant work.  The ALJ specifically found that West is able to lift 20 pounds occasionally and 10 pounds frequently, is able to stand and walk or sit six out of eight hours, and can occasionally climb (Tr. 16, 18).  The ALJ found this residual functional capacity to permit the performance of West's past relevant work as a tester.

On the basis of these findings, the ALJ found the plaintiff not to be disabled.

The plaintiff presents arguments that the ALJ's findings are not supported by substantial evidence, that the ALJ erred by not giving consideration to the plaintiff's chiropractic records, and that the ALJ erred in the determination that the plaintiff could return to his past relevant work as a tester.

The plaintiff's argument that the ALJ's decision is not supported by substantial evidence is based in part upon the ALJ's failure to resolve conflicts in the evidence. To a limited extent, we do not agree with the plaintiff that the ALJ's omission of an analytical decision of significant parts of the evidence was a material omission. In particular, the ALJ did not consider a 1998 report from Dr. Michael D. Wolk. However, the plaintiff does not demonstrate that Dr. Wolk's findings would support an inference more favorable to the plaintiff than those drawn by the ALJ.

However, the plaintiff points to other omissions that are material. The plaintiff's argument is based in part upon the contention that reports from consultative examiners who did not find evidence of symptom magnification were not considered by the ALJ. The plaintiff's argument is also based in part upon a lack of consideration by the ALJ of reports from West's primary care physician and from his chiropractor. Both the primary care physician and the chiropractor have reported that West can not perform substantial gainful activity. The ALJ's analysis is incomplete also in that the ALJ did not discuss or

reconcile the workers compensation adjudicative determination of an inability on the part of the plaintiff to perform his past work.

The analytical omissions of the ALJ are material because the matters mentioned in West's arguments, matters that were not considered by the ALJ, are elements of West's physical capacity history, medical diagnostic history, medical treatment history and employment history that are important elements of West as a putative job performer and of West as a social security disability claimant.  These elements of his medical and employment condition and history needed to be considered by the Commissioner before a meaningful and justified decision could be reached as to whether West could perform his past relevant work.

An essential issue in any social security disability adjudication is the issue of the claimant's residual functional capacity.  In this case, the decision of the ALJ that West has the residual functional capacity employed by the ALJ in his question to the vocational expert yielding testimony that such

9

a person could perform West's past work as a tester (Tr. 371-372) is based upon this evidence in the record:

> "A report at Exhibit 21F [Tr. 277-286] shows that the claimant had no signs of any real problem and indicated that the claimant exaggerated his symptoms.  His MRI shows no herniated discs and only mild discogenic disease at the L2-3 through L5-S1 levels (Exhibit 6F, page 8)[Tr. 144].  As stated above, the examination at Exhibit 13F is not given any significant weight as it simply repeats the subjective complaints of the claimant.  Overall, the Administrative Law Judge finds that the claimant's impairments do not greatly affect his ability to perform work-related activities. Accordingly, the undersigned finds that the claimant retains the following residual functional capacity: lift 20 pounds occasionally and 10 pounds frequently; stand and walk 6 out of 8 hours; sit for 6 out of 8 hours; and can occasionally climb."

(Tr. 16-17).  This is the sum and substance of the ALJ's analysis, and is the only statement made by the ALJ of justification for a determination of West's residual functional capacity.  There are several problems with this analysis.

First, the cited report (the "report at Exhibit 21F") does not contain a residual functional capacity evaluation. Therefore, we do not know the evidentiary source of the ALJ's

residual functional capacity findings.  Residual functional capacity findings are absolutely integral to the analysis[1]. The ALJ's decision is therefore not based upon substantial evidence in that the residual functional capacity findings are not shown to be based upon evidence.

Secondly, the ALJ has employed an incorrect and legally unsupported standard when he has implicitly placed a burden upon the claimant to show that the claimant's impairments "**greatly** affect his ability to perform work related activities." (Emphasis added.)  The issue to be addressed by the ALJ was not whether West's impairments greatly affect his ability to perform work related activities, but was whether the plaintiff's impairments cause him to be unable to perform his past relevant work[2].  The standard implicitly used, placing a

---

1. Although not mentioned nor discussed in the Decision of the ALJ, it was a material factor in this adjudication that West, at 59 years of age, was a person who, if his residual functional capacity were limited to sedentary work, would be deemed disabled under the Commissioner's Medical-Vocational Guidelines, Table No. 1, unless his skills were considered to be transferable.

2. The ALJ here appears not to have clearly separated the determination whether West could perform his past relevant work from the determination whether he could perform other substantial gainful activity.  He stated the issue to be, after a finding of a severe impairment and a finding of no listed impairment, "whether he retains the residual functional capacity of his past relevant work or other work existing in significant numbers in the national economy."  (Tr. 15).  Given the burden shift, we think a separate analysis of
(continued...)

burden on the claimant to show his ability to perform work related activities to be greatly affected, may be seen to have imposed a heavier burden or may be seen to have imposed a lighter burden, but it is not the burden prescribed by the statute and regulations.

Third, there is not a clear and satisfactory explanation of the Decision.  The ALJ states that the Decision is based upon Exhibit 21F, which according to the ALJ "shows that the claimant had no signs of any real problem and indicated that the claimant exaggerated his symptoms".  The ALJ without explanation accords this Report an automatic presumptive weight over the claimant's credibility.  This is not a "clear and satisfactory explanation".  This claimant ostensibly had a long and consistent work record, based upon his work for the same company since 1977 as an airplane motors assembler and tester.  (Tr. 360).  The ALJ gave no explained

---

2.  (...continued)
the issue of ability to return to past relevant work and the issue of a residual functional capacity to perform other substantial gainful activity is preferable.  We do not say that it is required.  Since the decision here is that he can perform past relevant work, that is the decision that we review.

consideration to the past work history in finding the claimant not to be credible.

The ALJ at the conclusion of his decision cites Exhibit 14F, an agency residual functional capacity examination which the ALJ finds to be consistent with the ALJ's residual functional capacity findings (Tr. 17). This statement by the ALJ again implies that there is another evidentiary basis for the ALJ's residual functional capacity findings; i.e., that this Exhibit corroborates other evidence that had been considered by the ALJ and had been the basis for his residual functional capacity findings. We do not find there to have been another evidentiary basis for the ALJ's residual functional capacity findings.

The Commissioner in her brief sets forth statements made by Dr. Liddell in Exhibit 21F that West has no "real problem" and is able to perform "normal work" as the significant opinions supporting the ALJ's decision. In our view, these opinions do not support an adjudication that by law is bound to apply prescribed regulatory terminology and

definitions.  Given the range of interpretations and constructions that can be given to "normal work" or "real problem" or "greatly affect", the court can not decide whether the decision is supported by substantial evidence when the decision is justified by using these descriptors.

A claimant satisfies his initial burden of showing that he is unable to return to his previous employment when his doctor substantiates his subjective claims.  *Rossi v. Califano*, 602 F.2d 55 (3d Cir. 1978).  That occurred here.  Dr. Greenberg, a treating physician submitted a permanent total disability report to West's employer.  (Tr. 303-304, 339-340). A mere theoretical ability to engage in gainful activity is not sufficient to support a finding that a claimant is not disabled.  *Hodgson v. Celebrezze*, 312 F.2d 260, 264 (3d Cir. 1963).  A determination of disability by another government agency is entitled to weight.  *Kane v. Heckler*, 776 F.2d 1130, 1135 (3d Cir. 1985).  The existence of a strong and consistent work record is an important factor in assessing credibility as to pain and as to inability to work.  *Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir. 1979).

This Decision finding West to be able to return to his past relevant work fails in our view to contain a clear and satisfactory explanation for the result reached.  Therefore, it is recommended that the case be remanded to the Commissioner, for further consideration or, in the alternative, with instructions to the Commissioner to calculate and pay benefits.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   November 2, 2006.