IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM R. WEST, | : | |
| Plaintiff | : | |
| vs. | : | CIVIL NO. 1:CV-06-0748 |
| JO ANNE B. BARNHART, | : | (Judge Caldwell) |
| Commissioner of Social Security, | : | (Magistrate Judge Smyser) |
| Defendant | | |

M E M O R A N D U M

      Currently pending is a Motion for Entry of Judgment and an Award of Costs, Including Attorney's Fees, Under the Equal Access to Justice Act ("EAJA") (doc. 14), filed by Plaintiff's counsel, Patricia A. Shipman.

      Plaintiff William R. West applied for, and was denied, social security benefits.  The Administrative Law Judge ("ALJ") also denied West's claim for benefits (doc. 1 ¶ 7) and the decision was affirmed by the Appeals Council.  *Id*. ¶ 9.  West then initiated an action in this Court.  (doc. 1).  Adopting the report of the Magistrate Judge, we entered an Order on December 4, 2006, remanding the case to the Commissioner of Social Security for further consideration.  (doc. 13).  Upon consideration of the claim, the ALJ granted retroactive and on-going disability benefits.  (doc. 14, ex. A).  On June 14, 2007, Shipman filed the instant motion for entry of judgment and award

of attorney's fees.  Shipman seeks $2,671.20 in attorney's fees and costs of $397.13.  *Id*. at 2.

> Pursuant to the EAJA, district courts shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Claimants seeking a fee award must file an application "within thirty days of final judgment in the action."  *Id*. § 2412(d)(1)(B).  A "final judgment" is "a judgment that is final and not appealable."  *Id*. § 2412(d)(2)(G).

The Government opposes Shipman's motion for fees, arguing that the motion is untimely.  The Government contends that we entered "an Order and Judgment" adopting the Magistrate Judge's report and remanding the case to the ALJ which was a "final judgment" as defined by the EAJA.  (doc. 15, p. 2).  As a result, according to the Government, Shipman had thirty days after the Government's sixty-day period for appealing our remand order to file her fee application.  *Id.* at 2-3 (citing Fed. R. App. P. 4(a)(1)(B) and *Kadelski v. Sullivan*, 30 F.3d 399, 400-02 (3d Cir. 1994)).  With the sixty-day window for

appealing our December 4, 2006, order expiring on February 2, 2007, the Government argues that Shipman was required to file the fee application on or before March 5, 2007. *Id.* at 3.

We disagree with the Government's timeliness argument. The calculation of the fee application filing deadline turns on the date of the "final judgment." An order adopting the Report and Recommendation of a Magistrate Judge and remanding a social security case is a "final judgment" only if a separate document of judgment is entered pursuant to Federal Rule of Civil Procedure 58.[1]  *Kadelski*, 30 F.3d at 402 (discussing *Shalala v. Schaefer*, 509 U.S. 292 (1993)). Consequently, the period for appeal and application for attorney's fees under the EAJA does not commence until the separate document of judgment is entered. *Id*. Our December 4, 2006, Order remanding West's case to the ALJ remained appealable because we did not formally set forth the judgment in a separate document pursuant to Rule 58. Without the separate judgment, the period for appealing the remand order and filing a fee application did not commence. Accordingly, we reject the Government's timeliness argument.

---

[1] Federal Rule of Civil Procedure 58 "requires a district court to set forth every judgment 'on a separate document' and provides that '[a] judgment is effective only when so set forth.'" *Shalala v. Schaefer*, 509 U.S. 292, 302–303 (1993) (quoting Fed. R. Civ. P. 58).

Second, in awarding fees to Shipman, we do not find that the Government's position was "substantially justified" pursuant to 28 U.S.C. § 2412(d)(1)(A).  To satisfy its burden of substantial justification, the Government must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced."  *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985) (citing *Citizens Council of Del. County v. Brinegar*, 741 F.2d 584, 593 (3d Cir. 1984)).  In opposing Shipman's motion for fees, the Government does not contend that its position was substantially justified.

With respect to the costs that Shipman seeks in her motion, the Government challenges only the charges associated with the use of Westlaw.  According to the Government, charges for computer-assisted legal research are not recoverable as costs of litigation pursuant to 28 U.S.C. § 1920.  (doc. 15, pp. 4-5).  Instead, such charges are a form of attorney's fees, not separately recoverable expenses.  *Id*.  We agree.  Computer-assisted legal research is not a cost identified in 28 U.S.C. § 1920, the statute governing recovery of costs under the Equal Access to Justice Act.  While the Third Circuit permitted recovery of such costs in an Age Discrimination in Employment Act lawsuit, *Wehr v. Burroughs Corp.*, 619 F.2d 276 (3d Cir.

4

1980), district courts in this circuit have declined to extend *Wehr* to applications for costs under § 1920.  *See Neyer, Tiseo & Hindo, Ltd. v. Russell*, Civ. A. 92-2983, 1994 WL 158917, at *4 (E.D. Pa. April 29, 1994); *Boyadjian v. Cigna Cos.*, 994 F. Supp. 278, 281 (D.N.J. 1998).  Therefore, we will reduce Shipman's award by $82.49, her costs for use of Westlaw.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge

Date: July 31, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM R. WEST, | : | |
|     Plaintiff | | |
| | : | |
| vs. | : | CIVIL NO. 1:CV-06-0748 |
| JO ANNE B. BARNHART, | : | (Judge Caldwell) |
| Commissioner of Social Security, | : | (Magistrate Judge Smyser) |
|     Defendant | | |

O R D E R

AND NOW, this 31st day of July, 2007, upon consideration of the Motion for Entry of Judgment and an Award of Costs, Including Attorney's Fees Under the Equal Access to Justice Act (doc. 14), filed June 14, 2007, it is ordered that:

    1. The motion is granted in part and denied in part;

    2. Attorney's Fees and Costs are awarded to Plaintiff, made payable to Patricia A. Shipman, and against the Commissioner of Social Security, in the total amount of $2985.84;

    3. Judgment will be entered by separate document pursuant to Federal Rule of Civil Procedure 58.

                                         /s/William W. Caldwell
                                         William W. Caldwell
                                       United States District Judge

```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


WILLIAM R. WEST,                   :
       Plaintiff
                                   :

       vs.                         :   CIVIL NO. 1:CV-06-0748

JO ANNE B. BARNHART,               :      (Judge Caldwell)
Commissioner of Social
Security,                          :   (Magistrate Judge Smyser)
       Defendant
```

JUDGMENT

AND NOW, this 31st day of July, 2007, Judgment in favor of the Plaintiff is entered pursuant to the Order (doc. 13) entered on December 4, 2006, and Federal Rule of Civil Procedure 58.

/s/William W. Caldwell
William W. Caldwell
United States District Judge